**Joe Phillip DUNLAP, Appellant,**

v.

**COMMONWEALTH of Kentucky,**
**Appellee.**

**No. 94–CA–2067–MR.**

Court of Appeals of Kentucky.

Dec. 1, 1995.

Susan J. Balliet (briefed & argued), Prospect, for Appellant.

Chris Gorman, Attorney General, Michael L. Harned, Assistant Attorney General (briefed), Frankfort, Michael L. Harned, Assistant Attorney General (argued), Frankfort, for Appellee.

Before COMBS, EMBERTON and JOHNSTONE, JJ.

JOHNSTONE, Judge.

Joe Phillip Dunlap appeals for himself and his surety, Ray Dunlap, from a Muhlenberg Circuit Court order dismissing their motion to remit a $60,000 bond previously ordered forfeited. The circuit court dismissed the claim for lack of jurisdiction. We reverse and remand for a hearing on the merits.

Joe was convicted of murder and wanton endangerment in November of 1991 and sentenced to forty years' imprisonment. He subsequently appealed the convictions to the Kentucky Supreme Court. Pending appeal, Joe was released on bail after Ray posted $5,000 cash bail and a $45,000 surety lien on real property. Joe's wife posted the remaining $10,000 cash bail.

The Supreme Court affirmed Joe's convictions on September 3, 1992. The next day, the circuit court issued a bench warrant for Joe's arrest, but he had fled the state and could not be found. On September 9, 1992, the circuit court held a hearing on the Commonwealth's motion to forfeit bail, found that Joe had jumped bail, and ordered the bail forfeited. After Joe had been located and returned to Kentucky, he was convicted of bail jumping in the circuit court.

Joe then appealed his bail jumping conviction to this Court, which reversed the conviction on the grounds that Joe had never received notice to appear at a specific time and place, as required by KRS 520.070(1). This Court held that, consequently, the Commonwealth could not have proven every element of the bail jumping offense according to the statute.

Joe and Ray then moved the circuit court to remit the forfeited bail. The circuit court, believing that the Franklin Circuit Court had exclusive jurisdiction over the action according to KRS 44.020(2), dismissed the motion. Joe and Ray now appeal this dismissal.

The Dunlaps argue that the Muhlenberg Circuit Court had jurisdiction to order the bond to be remitted. They contend that the Franklin Circuit Court gains jurisdiction only if the Department of Local Government were to refuse to remit the bond, as ordered by the Muhlenberg Circuit Court, and to contest the claim. We agree.

KRS 44.020(2) provides:

**Claims allowed by courts—Contest.—**

(2) The order of any court authorized by law to approve and allow fee-bills, settlements, credits, charges, and other claims against the State Treasury shall not be treated as a judgment, or made conclusive against the state, but shall only be regarded as prima facie evidence of the correctness and legality of the fee-bill, settlement, credit, charge, or claim. *The Department of Local Government, if it believes such fee-bill, settlement, credit, charge, or claim to be fraudulent, erroneous, or illegal, may, upon the advice of the Attorney General, refuse to pay and may contest the claim in the Franklin Circuit Court,* which shall have exclusive jurisdiction of all actions against the Department of Local Government to compel the payment of claims against the State Treasury.

(Emphasis added). Thus, the circuit court must first order the bond to be remitted, and the Department of Local Government must refuse to pay the remitted bond and choose to contest the payment, before the Franklin Circuit Court would gain exclusive jurisdiction over the controversy. We also find this to be consistent with RCr 4.52(1), which provides that the surety on a bail bond submits himself to the jurisdiction of the court from which the appeal is taken.

The Commonwealth concedes that the Muhlenberg Circuit Court has jurisdiction. However, it counters that the dismissal should be affirmed because the Dunlaps cannot show "sufficient cause" to set aside the bond forfeiture. RCr 4.52(2) provides:

**Judgment against surety.—**

(2) After entry of judgment the court for sufficient cause may remit wholly or in part the sum specified in the bail bond.

And RCr 4.48(3) provides:

**Forfeiture of bail.—**

(3) A forfeiture may be set aside upon such conditions as the court may impose if it appears that justice does not require its enforcement.

The circuit court ruled that it had no jurisdiction to consider the merits of the motion to remit the bond. It never reached the issue of whether the Dunlaps could show "sufficient cause" to remit. Having determined that the Muhlenberg Circuit Court has jurisdiction to hear the merits of the Dunlaps' motion, we must, therefore, remand this case to the circuit court for a hearing on the merits.

The order of the Muhlenberg Circuit Court is reversed, and this case is remanded for further proceedings consistent with this opinion.

All concur.